## The Chicago, Burlington and Quincy R. R. Co.

*v.*

## Ferdinand Stumps.

69  409
54a 95

69  409
69a 560

69  409
73a 264

69   409
90a 1395

69   409
97a 1138

1.   New trial—*on the evidence*.   Where there is a conflict in the evidence, the general rule is, the jury are the judges of the credibility of the witnesses, but where they capriciously disregard the testimony of five unimpeached witnesses, and rely solely upon the testimony of two little boys, aged seven and eleven years, simply because they desire to find a verdict in accordance with their testimony, a new trial should be granted.

2.   Negligence—*care required in running railroad train in a public street*.   A railroad company is to be held to the exercise of a very high degree of care in operating its road through the public streets of a city, and will not be permitted to omit with impunity any reasonable duty that may tend to the safety of the public, who have an equal right with themselves to the free use of these thoroughfares.

3.   Same—*railroad company not liable for pure accident*.   The law has not made railroad companies insurers against every casualty that may happen in a street or highway, where they have exercised the highest degree of care for the safety of the citizen consistently with a reasonable exercise of their franchise.   The injury in such cases must be attributed to inevitable accident, which no vigilance, however great, could foresee or avoid.

4.   Where a boy, aged about seven years, was injured while attempting to climb up the ladder of a freight car while in motion along a public street in a city, and it appeared that the train was not being run at an unlawful rate of speed, it moving not faster than four miles an hour, that the train was properly manned, with every employee at his station, and that the train was under perfect control, and being run with the greatest care and caution, it was *held*, that the company was not liable.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action on the case, brought by Ferdinand Stumps, by his next friend, A. M. Pence, against The Chicago, Burlington and Quincy Railroad Company, to recover damages for a personal injury. This case was before this court before, and is reported in 55 Ill. 365. All the material facts are stated in the opinion.

Messrs. WALKER, DEXTER & SMITH, for the appellant.

Messrs. ROSENTHAL & PENCE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On the first appeal, the judgment in this case was reversed because the verdict was manifestly against the weight of the evidence. The court, in the opinion then delivered, said: "We can come to no other conclusion, from the whole evidence, than that appellee, at the time of his injury, was attempting to climb upon the ladder of one of the cars of the train in motion, and not of the detached car standing upon the track ahead of the approaching train, and that the railway company are not chargeable with any negligence in running against such a car."

The second trial was had upon substantially the same evidence as the first, with some additional testimony which has relation principally to the questions whether there was a detached car standing on the track, which caused the injury, or whether it was sustained while appellee was attempting to climb up the ladder on another car when the train was in motion.

After the most careful and painstaking consideration of the case, with the additional testimony presented, we can not avoid the conclusion the weight of the evidence is against the theory there was a detached car standing on the track, which was the cause of the injury to appellee. There is a conflict

in the evidence which may be accounted for in some degree on the ground most of appellee's witnesses may have been honestly mistaken as to the fact of having seen a detached car at that point on the morning of the 17th of April. This is possible, so far as they are all concerned, except the two little boys, Henry and Herman Moses.

There is no such charitable excuse for the witnesses that testify in behalf of appellant. It is either true there was no detached car on the track that morning, or else five witnesses, four of them men, and the other one old enough to be a bell-boy on the train, are all corruptly untruthful. They state facts about which it is not possible for them to be mistaken. Their testimony is either true, or it is wilfully false.

The accident occurred on Brown street, between Luke and Walsh streets. The company's road there is a branch track leading to the lumber district on Twenty-second street. At the point where appellee was hurt, there was but a single track. All the witnesses for appellant concur in the statement, they had been down to the docks that morning, and returned with the engine alone, for the second train they were taking down. It is unusual for any cars to be left standing at that point in Brown street. There was no occasion for leaving a car there. The suggestion of counsel is, it must have become detached by accident, and left standing on the track. This is not possible, if the engine, without cars attached, was brought back over the track a short time pre-. vious, as all the witnesses in charge of the work say it was, and no witness states to the contrary.

The general rule is, the jury are the judges of the credibility of the witnesses, but in a case like this, they ought not to be permitted capriciously to disregard the testimony of five unimpeached witnesses, and rely solely on the testimony of the two little boys, aged respectively seven and eleven years, and which is really all the evidence in the case that can not consistently be reconciled, simply because they desired to find a verdict in accordance with their testimony. On this branch

of the case, we said all that was deemed necessary in our former opinion, and need not restate our views. *C. B. and Q. R. R. Co.* v. *Stumps*, 55 Ill. 365, and cases cited.

The proof shows appellee was only seven years of age when he sustained the injuries. He was too young to be charged with negligence, and could be held to no care other than such as a child of that age could be expected to exercise for its personal safety. The principal question in the case, therefore, is, whether the employees of the company were guilty of culpable negligence in the management of the train.

It is admitted, if the accident happened to appellee while attempting to climb upon the train when in motion, he can not recover. What proof is there of negligence on the part of the employees in charge, or of the company itself, in running the train, that contributed to the injury to appellee?

We need not repeat what we have said in numerous cases, that a railroad company is to be held to the exercise of a very high degree of care in operating its road through the public streets of a city. Such companies will not be permitted to omit, with impunity, any reasonable duty that may tend to the safety of the public, who have an equal right with themselves to the free use of these thoroughfares. But if there is no negligence or wilful misconduct, there can be no liability, no matter how severe the injury inflicted, nor whether the party injured is capable of exercising care for his personal safety. The law has not made the railroad company an insurer against every casualty that may happen in a street or highway, when it has exercised the highest degree of care for the safety of the citizen, consistently with a reasonable exercise of its franchise. The injury in such cases must be attributed to inevitable accident, which no vigilance, however great, could foresee or avoid.

The train was not being run at an unlawful rate of speed. It was fully manned, with every employee at his station. It was under perfect control, for all the witnesses say it was stopped when the accident occurred, before it had gone a

distance not greater than three car lengths. The proof shows that no train was ever run with more care or caution through the streets of the city. The conductor stood on the top of the forward car, to discover anything on or near the track, and there was an assistant on the rear car next the engine to report the signals of danger, if any were given, to the engine-driver.

. If it be conceded the detached car was left standing on the track, we are at a loss to understand how that fact contributed to produce the injury to appellee. The averment in the declaration is, he was in the street, "standing near said car." Henry Moses, who is the only witness, other than the witnesses for appellant, who saw and describes the manner of the accident, states distinctly appellee was not on the detached car at the instant of the collision. The boys had started to the planing mills, on Twenty-second street, and had bags to bring home shavings. Appellee, according to the testimony, had been throwing his sack on the ladder or steps of the detached car. If he was in the street "standing near said car," as averred, and as the testimony of his only witness on that point indubitably proves, how is it possible the accident was produced by the collision that took place? This theory of the cause of the injury is at variance with the facts and circumstances in evidence, about which there can be no real controversy.

Henry Moses says, after the train collided with the stationary car, he ran along, and that appellee also ran along the side of the train. It was not moving faster than four miles an hour. The boys would have no difficulty, by holding on to the car, to keep up with it. Again, Henry says appellee was holding on to the car because he could not sooner let go, but that when he was hit by something thrown by the engine-driver, he let go and fell under the moving train. If he was not on the detached car when the train collided with it, the conclusion is inevitable he must have run along, as Henry says, after the collision occurred. Previously he was standing near

it. It is a very natural story, that, when he let go to extricate himself, he fell and rolled under the train exactly as the witness describes it. This is the only rational view in harmony with the testimony even of appellee.

But the most probable account of the manner of the accident is that given by the fireman and engine-driver. The train was moving slowly south to Twenty-second street, the place to which the boys desired to go. It is altogether probable, as the witnesses say, the boys discovered the train and ran along to catch hold to secure a ride in the direction they wanted to go. This is a reasonable story in itself, and is the only one that is in entire harmony with all the evidence. It is certain, from the testimony of his little companion, appellee had hold of the ladder of the car, and ran along with it for some distance, and when his hold gave way, or he let go, he fell under the train.

There is no proof of negligence on the part of the company or its employees, that renders it legally liable for this fearful calamity to appellee. There was no omission of any duty required by law or due regard for the public safety. The engine-driver reversed his engine and stopped the train with all possible haste, as soon as the danger to appellee was discovered. The employees were in their proper places on the train, and watchful of their duties. It was not practicable for the company or its servants to do more than was done to secure the safety of the people or the children in the street. It was no part of the duty of the company, even if the detached car had been temporarily left standing on its track, to maintain a guard over it to warn children from getting upon it or playing about it. The law imposed no such duty. *Chicago and Alton Railroad Company* v. *McLaughlin*, 47 Ill. 265.

This view of the case renders it unnecessary to consider the points made on the instructions.

The verdict is so palpably against the weight of the evidence that the judgment must be reversed.

*Judgment reversed.*