# CHICAGO WEST DIVISION RAILWAY COMPANY
## v.
## FRANCIS CONLEY, BY NEXT FRIEND, ETC.

*Street Railroads—Injury to Third Persons—Assault by Conductor—Trespasser—Witnesses—Fees in Excess of Legal Rates.*

1. The credibility of a witness should not be impeached for the reason that a litigant pays him a moderate sum in excess of his legal fees for attending a given trial.

2. In an action brought to recover from a street railway company for injury to a boy while "stealing a ride," the same being alleged to have occurred through being kicked off a moving car by the conductor thereof, this court holds, in view of the evidence, that the judgment for the plaintiff can not stand.

[Opinion filed December 7, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. W. B. KEEP and EDMUND FURTHMANN, for appellant.

Messrs. BRANDT & HOFFMAN, for appellee.

GARY, J.  We have studied the evidence, as shown by the record in this case, carefully.  The action is by the appellee, a boy of six years at the time of the accident, for the loss of his leg by the wheel of a car running over it.  That he was standing or kneeling upon the steps of the front platform of a moving car, is certain.  Whether he fell or jumped from that position, or was kicked from it by the conductor, is the question upon which the case turns.  He asserts, and the conductor denies, that he was so kicked off.  He is corroborated by a companion, then nine years old, who was running along the sidewalk, keeping up with the moving car.  Both boys, on their way to a park, were "stealing rides" on the car.

The opportunity of that witness to see what happened at the car was by no means superior to that of several witnesses for the company.  He had invited the appellee to go to the park, and by his example at least, had encouraged him to steal a ride.  The impulse of human nature to throw the blame upon some one else (Gen. 3, 12,) should be remembered in considering the testimony of both these boys.

It appears that both boys had gone through several pantomimic, as well as spoken, rehearsals of their testimony in the office of the attorney (not on this appeal) of the appellee, who commenced the suit.  The testimony of the only other corroborative witness is by deposition.  That testimony has a very suspicious appearance: not only as to what it is, in itself, but as to the manner in which it became known to the appellee, and reasons why the witness testified by deposition, instead of appearing in court.  And whether his testimony has reference to the appellee, or some other boy, might be questioned, as he did not know him, and only identified him as a boy he afterward saw with a Mr. Conley with whom he was unacquainted until they met in a saloon, some ten weeks before his deposition was taken, more than a year after the accident; and it does not appear that that boy has not still two legs.  The denial of the conductor is corroborated in various ways by the testimony of nine other witnesses, several of whom are subject to no criticism on the score of their relations with the company.

The conductor was no longer employed by the company, but was in business in Canada. He was paid by the company $10 per day and his expenses to attend the trial, and one mistrial before. Another witness, not employed by the company, a shoemaker in the city, was paid $2.50 per day on the former trial, and expected the same again. Another, a steamfitter, was paid $3 per day. Another, a retail grocer, $5 per day. Another, employed by a railroad, not street railway, was paid in all $10.30 for his attendance on the former trial. There is no hint that the sums paid were more than an adequate compensation to the several witnesses for their time spent.

Until quite recently the sums paid would have been allowed in England in the taxation of costs. 2 Taylor on Evidence, 1057. Whatever handle before a jury may be made of such payments, by an attorney gifted with extraordinary powers of invective, it ought not to impeach the credibility of witnesses that a party litigant does not insist, even as to resident witnesses, upon its legal right to compel them to attend in its behalf, at a loss to themselves.

To go into detail of the testimony of the witnesses for the defense, would take a great deal of space, and do no good; only serving to show that in fact we had studied it. We will only say, therefore, that it so strongly preponderates against the claim that the boy was kicked off, that in our opinion the case ought to be submitted to another jury. Without copying them, we may refer to the words of the Supreme Court at the bottom of page 411 in C. B. & Q. v. Stumps, 69 Ill. 409, and top of page 498 in Reynolds v. Lambert, 495 Ibid., as applicable here.

The appellants moved for a new trial, because the verdict was contrary to the evidence and assigns for error that it was not granted. That assignment is sustained, the judgment reversed and the cause remanded.

*Reversed and remanded.*