|   |   |
|---|---|
| 45 | 53 |
| 90 | 395 |

|   |   |
|---|---|
| 45 | 53 |
| 101 | 668 |

Charles D. Welch and Horace E. Hall, Copartners,

v.

Alonzo B. Huckins.

*Contract of Employment—Breach—Damages—Weight of Evidence—Improper Remarks of Counsel to Jury—Duty of Trial Court—Practice.*

In an action brought by plaintiff against defendants to recover damages for a breach of a contract by which plaintiff was alleged to have been employed by defendants to purchase twenty-five car loads of horses for them, the question being as to the terms of the contract, this court holds that the weight of evidence was against the verdict for the plaintiff, and that it should have been set aside by the court below.

[Opinion filed May 20, 1892.]

Appeal from the Circuit Court of Henry County; the Hon. John J. Glenn, Judge, presiding.

Messrs. James K. Blish and William Lawson, for appellants.

Mr. Charles K. Ladd, for appellee.

MR. JUSTICE HARKER. This was an action of assumpsit by appellee to recover for an alleged balance due him upon a contract to buy horses for appellants during one year at $100 per car load. There was a trial by jury and a verdict returned in favor of appellee for $1,071.51. Appellee entered *remittitur* for $105, and the court, after overruling a motion for a new trial, rendered judgment against appellants for $966.51.

The appellants are dealers in horses and owned at the time of the making of the contract sued on, sale stables in Boston, Mass. Appellee is a resident of Kewanee, Ill., and had for several years been in the service of appellants, buying horses in the west and shipping them to Boston, when he was, on the 5th of February, 1891, employed by them, as he claimed, to buy twenty-five car loads of horses during the year following that date at the rate of $100 per car load and his expenses. Under this engagement he bought thirteen and one quarter car loads, when he was ordered to buy no more. He has been paid for what he bought and his expenses. This suit was for the balance of the $2,500 which he was prevented from earning under his contract.

Appellants deny making any such contract as that set up by the appellee. They claim that he was engaged to buy horses at $100 per car load and expenses, and that they could "lay him off whenever they saw fit," and that he could quit whenever he desired. The question involved is purely one of fact. In support of appellee's contention he alone testified. He is flatly contradicted by both of the appellants and their bookkeeper, E. M. Welch. The contract was made at the stables of appellants in Boston. All three of the parties in interest were present when the terms were agreed upon. They immediately went into the office connected with the stables, called the attention of the bookkeeper to the fact of employment, and repeated in his presence the terms of the agreement. Appellants and the bookkeeper agree in their testimony as to the terms of the contract. The testimony of appellant Hall was heard in open court. The testimony of appellant Welch and the book-

keeper was by deposition, taken in Massachusetts. The testimony of appellee was heard in open court.

After a careful perusal of the evidence the conclusion would seem irresistible to an unbiased mind, that the right of this controversy is with the appellants. That the jury should believe appellee as against the evidence of three witnesses who contradict him on every material point in the case can be accounted for upon no other ground than that they were swayed by prejudice and an unbecoming desire to place in the pocket of a resident litigant the money of a non-resident litigant. In view of certain letters written by Hall we can easily see how they could discredit some of his testimony, but can not understand how they could utterly ignore the testimony of C. D. and E. M. Welch. They were not before the jury in person, their testimony was reasonable, and there is nothing in the record tending to impeach their character.

We know how averse courts are to disturb the verdict of a jury where there is a conflict in the testimony, but in all cases where the verdict is so palpably and glaringly against the weight of the evidence as this is, the Circuit Court should assume the reponsibility of promptly setting it aside. It is his duty to see that the verdict executes justice between the parties; that the conclusion reached is fairly and logically drawn from all the evidence in the case. Appellants were not fairly treated by counsel for appellee upon the trial. During the examination of witnesses, as well as upon the final argument, methods were resorted to which could have had no other purpose than to prejudice the minds of the jury against the appellants. After the court had sustained an objection to the introduction of a certain letter offered in evidence, questions were repeatedly asked a witness concerning the contents of the letter, and the repeated rulings of the court did not seem to check counsel in his determination to have the jury understand what the contents were. His remarks in the closing argument to the jury about the Welches testifying in Massachusetts, where they could commit perjury without the courts of this State being able to reach

and punish them, that a fight was going on between Welch
and Hall, that the plaintiff had bought as many as thirty-
five and forty car loads of horses a year for the defendants
in some previous years, were entirely foreign to the issue
being tried by the jury, and were highly improper, especially
after objection from opposing counsel and a warning from
the court that he should keep within the record.    The
temptation to improper remarks for the purpose of arousing
the prejudices of the jury, at a time, too, when there can be
no reply, should not be indulged by the advocate, and if it
is, the court should not allow him or his client to profit by
the misuse and abuse of his privileges.    If trial courts will
promptly set aside verdicts obtained by such means, and at-
torneys are given to understand that they can gratify such
a spirit of unfairness only at the expense of their clients,
we apprehend but little difficulty will be experienced in
checking the evil.    ·

For the reasons that the verdict is not supported by the
evidence, and that appellants have not been fairly treated,
the judgment will be reversed and the cause remanded.    .

*Reversed and remanded.*    .