**Leo LeBeau, a Minor, by his Next Friend, v. The Pittsburg, C., C. & St. L. Ry. Co.**

1. RAILROADS—*Not Required to Warn People off of Public Streets.*— It is not the duty of a railroad company to keep or warn boys off of a public street used by it.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding.

Heard in this court at the March term, 1897. Affirmed. Opinion filed March 29, 1897.

## STATEMENT OF THE CASE.

On the 28th day of October, A. D. 1893, Leo LeBeau, who at that time was ten years and five months old, was, with other boys, playing upon Rockwell street, one of the public streets of the city of Chicago, where the same is intersected by Lexington street, another one of the public streets of the city of Chicago. The tracks of the appellee company run north and south on the said Rockwell street. Lexington street crosses the same at right angles, and runs east and west across Rockwell street.

The representative of the company was a tower man, who at that time was stationed in the tower, which was on Lexington street between two tracks of the appellee on Rockwell street. Leo had been at that point several times, with the knowledge and tacit acquiescence of the tower man, and had conversed with the tower man, and, in fact, had talked with the tower man on that day just before he was hurt. Leo saw a train of cars going north on Rockwell street, and as it crossed Lexington street attempted to jump on the train, and in doing so fell under the wheel of one of the cars; his right leg was badly mutilated so that it became necessary to cut the same off close to the body.

The evidence showed that Leo, with other boys of his age, had been at the intersection of those streets a number of times before, had played about the tracks, and at times either attempted to or had jumped upon moving trains. The evidence also showed that the tower man, with knowledge of their psesence, at no time told them to keep off the trains, did not warn or caution them in any manner to go away from that vicinity, nothwithstanding he saw them several times before the day of the accident.

The jury being instructed so to do, returned a verdict for the defendant, upon which there was judgment.

CASE & HOGAN, attorney for appellant; WM. P. BLACK, of counsel.

LeBeau v. P., C., C. & St. L. Ry. Co.

This court, in a very recent decision, has correctly held that " there is no such thing as the ordinary care of an infant. An infant is required to exercise such care as is to be expected from one of his age, intelligence and experience." Swift & Co. v. Rutkowski, 67 Ill. App. 209, 1 Chi. L. J. 709

GEO. WILLARD, attorney for appellee, contended that it was no part of appellee's duty to prevent appellant from jumping on its cars whilst the same were being propelled along the street. Railroad v. McLaughlin, 47 Ill. 265; Railroad v. Stumps, 55 Ill. 367; Same v. Same, 69 Ill. 409; Railroad v. Berg, 57 Ill. App. 521; Same v. Same, 162 Ill. 348.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is urged that appellee was negligent in not warning the plaintiff to keep away from this crossing.

Such warning, unless enforced by physical force, it is not likely would have been of any service, nor does it appear that appellee had the right to warn or keep boys away from this place. Appellant was injured upon a public street in which he had a right to be. A warning to boys to keep away from a place into which they know they have a right to go, is not usually sufficient to induce them to keep away, especially when the warning is by one not clothed with authority.

No case has been cited in which it has been held to be the duty of a railroad to keep or warn boys off a public street used by it.

There was no evidence of negligence upon the part of appellee, and hence no question for submission to a jury. Grand Trunk Railroad Co. v. Ives, 144 U. S. 408–417; Werk v. Illinois Steel Co., 154 Ill. 302–308.

Doubtless, a moving train does offer a temptation to small boys, as does every moving vehicle; so, likewise, the windows of an untenanted house often induce the throwing of stones thereat; while a farmer's orchard surrounded by a rail fence is a strong temptation.

From either of these causes may arise an injury to a young child, for which the owner of the carriage, house or orchard may be sued. The question then arises: Wherein was he negligent? Should he have kept watch and warned boys not to hitch or jump on to his car. Should he have covered the windows of his house, or removed the apples from his orchard?

It is apparent also, that the plaintiff was injured as a result of his failing to exercise such care as is to be expected from one of his age and intelligence.

Jumping from the ground upon a moving freight train is dangerous, all men and all ordinarily intelligent boys ten years of age know it to be so. C., R. I. & P. Ry. Co. v. Eininger, 114 Ill. 79.

It was not the duty of appellee to warn the plaintiff off the street wherein he was injured. C. & A. R. R. Co. v. McLaughlin, 47 Ill. 265; C., B. & Q. R. R. Co. v. Stumps, 55 Ill. 367; Same v. Same, 69 Ill. 409; C., R. I. & P. R. R. Co. v. Berg, 57 Ill. App. 521.

The judgment of the Superior Court is affirmed.

Judge Shepard did not participate in the consideration of, or judgment rendered in, this cause.