Calumet Electric St. Ry. Co. v. Frank Lee, by his Next Friend, etc.

1. PRACTICE—*Where Verdict Should be Set Aside and a New Trial Granted.*—Where the verdict returned is against the manifest weight of the evidence it is the duty of the trial court to set it aside and to grant a new trial, and if this is not done, it becomes the duty of this court upon review to reverse the judgment based upon such verdict.

**Action on the Case,** for personal injuries. Error to the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed July 16, 1900.

**Statement.**—This suit was brought by defendant in error to recover damages for personal injuries sustained, it is claimed, through negligence of plaintiff in error.

The declaration charges, in general terms, that plaintiff in error negligently ran its car upon a wagon in which defendant in error was riding. The injury occurred about 11:30 o'clock at night upon Cottage Grove avenue near Eighty-third street, in the city of Chicago. Upon the trial defendant in error sought to establish that plaintiff in error was guilty of negligence in that its employe in charge of the car moved the car along the track and against the wagon of defendant in error without ringing any bell or giving any signal; that the car was running at a negligently high rate of speed, and that the night being clear it was possible for the motorman, by exercise of due care, to have seen the wagon upon the track ahead of the car, and to have avoided the collision. In defense of the suit it was sought to establish that there was no negligence of the plaintiff in error, and that there was negligence of the defendant in error which caused the injury, viz., in that he was asleep upon his wagon on the car tracks.

The trial resulted in a verdict and judgment thereon for the defendant in error.

KENESAW M. LANDIS, attorney for plaintiff in error.

CHILDS & HUDSON, attorneys for defendant in error.

MR. JUSTICE SEARS delivered the opinion of the court.

No complaint is made as to any matter of procedure—the sole ground upon which a reversal of the judgment below is sought being the insufficiency of the evidence to support the verdict. Counsel for defendant in error argue that it is the established rule in this State that when there is any competent evidence to support the verdict and there is no error in the manner of conducting the trial, and the jury have been properly instructed, then judgment upon such verdict will not be disturbed upon review. And therefore counsel in effect conclude that the comparative weight of the evidence is here of no concern. In this counsel are in error. Although there may be some evidence which, if it

Calumet Electric St. Ry. Co. v. Lee.

stood alone, would support the verdict, and although 'there may be no error in procedure, yet if it be clear that the verdict returned is against the manifest weight of the evidence it is the duty of the trial court to set such verdict aside and to grant a new trial, and, if this be not done, it becomes the duty of this court upon review to reverse the judgment. Peaslee v. Glass, 61 Ill. 94; C., B. & Q. R. R. Co. v. Stump, 69 Ill. 409; Reynolds v. Lambert, Id. 495; C. W. D. Ry. Co. v. Conley, 43 Ill. App. 347; Welch v. Huckins, 45 Ill. App. 53; Ill. C. R. R. Co. v. Alexander, 46 Ill. App. 505.

And the duty to be exercised by this court in this behalf is the more imperative because failure to perform it can not be cured upon further review by the Supreme Court.

We have, then, to determine if the verdict returned in this cause is, as counsel contend, against the manifest weight of the evidence. Upon the question of the alleged negligence of the plaintiff in error there was no evidence on behalf of the defendant in error save his own testimony, the testimony of the motorman and the testimony of two witnesses who stated the distance which the car appeared to have run after the collision. It is established by the evidence beyond question, that the car carried a headlight and that the gong was sounded just before the collision. No one contradicts the positive testimony of the motorman called as a witness by defendant in error, except that the defendant in error states that he heard no bell. His own witness, however, established the fact that the bell was rung, and the reason why defendant in error failed to hear it, as suggested by himself, is that his wagon carried a load of iron pipes which made some noise in jolting together. Defendant in error testified :

"I was going along and the pipe was rattling and of course I didn't hear the bell, and I heard no bell."

Upon the ground of negligence alleged, that the car was traveling at a high rate of speed, the evidence for defendant in error almost conclusively establishes that the rate was from ten to twelve miles per hour. Gordon, his witness,

who was a passenger upon the car, testified, " the car could not have been going over ten or twelve miles an hour." The motorman, also a witness for defendant in error, testified : " We were running about twelve miles an hour." If this evidence had been presented in defense, it might be said that it was overcome by the testimony of the witnesses that the condition of the ground indicated that the car had run from 100 to 200 feet after the collision. But this positive evidence as to rate of speed is the evidence presented to obtain a recovery. There is nothing in this record which would warrant a jury in concluding that ten or twelve miles per hour is a negligently high rate of speed for a car to travel at eleven o'clock at night upon Cottage Grove avenue between Eighty-second and Eighty-third streets.

The only other ground for negligence charged is that the night being moonlight and clear, the motorman could and should have seen the wagon upon the tracks ahead and have avoided the injury. The motorman testified that just before the collision a cloud had obscured the light of the moon, and in this he is uncontradicted. He also testified that he was looking ahead and saw the wagon when about seventy-five feet from it, and that he then " made every effort there was to be made to stop." There is an inconsistency in the testimony of this witness, in that he stated that a car could be stopped within from forty-five to sixty feet under the conditions there obtaining, and yet, although he saw the car seventy-five feet distant and made every effort to stop it, the car struck the wagon and proceeded nearly fifteen feet beyond. It is, however, the inconsistency of a witness for defendant in error, a witness upon whose credit the verdict was sought. If the verdict could be sustained at all, so far as the question of negligence of the motorman is concerned, which is the only negligence possibly attributable to plaintiff in error upon all the evidence, it must be solely upon this admission of the motorman as to a failure to stop the car within the seventy-five feet after seeing the wagon. This evidence is slight, yet if there were no other question in the case, it is doubtful if we would feel warranted in

holding that this was not sufficient to warrant the jury in finding that there was negligence. But the more serious question arises upon the contributory negligence of defendant in error. He testified that he was awake at the time of the collision. But against this testimony, which is uncorroborated, is the testimony of three witnesses for defendant in error, including his own brother-in-law, and three witnesses for plaintiff in error, who all agree that immediately after the collision the boy, defendant in error, stated that he had been asleep, and in effect attributed the happening of the collision to that fact. There was evidence to the effect that the boy was only partly conscious when this statement was made. But it was incumbent upon the defendant in error, in seeking a recovery, to establish that he was in the exercise of ordinary care, *i. e.*, that no negligence upon his part contributed to the injury. It is apparent from the evidence that had he looked back, he could have seen the headlight of the approaching car at a long distance. The fact, essential to a recovery, of exercise of care upon his part, rests upon his uncorroborated testimony alone. Against it is the testimony of six witnesses, three of whom were called and credited by himself. The verdict is, therefore, clearly against the manifest weight of the evidence upon this essential fact, and it is our duty to reverse the judgment which has been rendered upon it. Reversed and remanded.