William Fitzgerald, by next friend, v. Chicago, Burlington & Quincy Railroad Company.

### Gen. No. 11,293.

1. CONTRIBUTORY NEGLIGENCE—*when child of twelve guilty of.* Where a child of the age of twelve years, who has attended school for three years, climbs upon a moving freight car and is injured, he is guilty of contributory negligence, as a matter of law, where he does not

claim that he did not know that it was wrong and dangerous so to climb upon such car, and where it appears by his own testimony that he was familiar with the railroad tracks and with the running of the cars thereon.

2.   CARE—*degree of, required of minor.*   While it is true that the law does not require a child to use the same degree of care as is required of a grown person, he is, nevertheless, bound to use such reasonable care as one of his age, mental capacity and experience is capable of using; and his failure to do so is negligence.

3.   NEGLIGENCE—*when railroad company not guilty of.*   A railroad company is not guilty of negligence where a child of the age of twelve years is injured while in the act of climbing upon a moving freight car, merely because the watchman of such company, stationed at the crossing, had called such child and sent him upon errands, where it appeared that such child had finished such errands and had, for a period of twenty minutes prior to his injury, been playing in a place of safety.

Action on the case for personal injuries.   Error to the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.   Heard in this court at the October term, 1903.   Affirmed.   Opinion filed May 12, 1904.

Statement by the Court.   The tracks of the defendant in error, five in number, at the crossing of Loomis street (a north and south highway) in the city of Chicago, run east and west along what would be Sixteenth street if there extended.   These tracks are paralleled by four tracks of the C. & N. W. Ry. Co.   At the Loomis street crossing there is a tower house from which a watchman in the employ of the defendant operates the crossing gates.   Between the tracks of the Northwestern and those of the Burlington near this intersection there is an open space which is used by the boys residing in that neighborhood for a playground.

When he was injured, June 23, 1896, the plaintiff in error was twelve years of age, and had been a pupil in the public schools for three years.   He lived within two and one-half blocks of this crossing.   On the day last named he came within sight of this intersection, when the watchman, whom he knew, whistled to him.   He went to the foot of the tower, and then at the request of the watchman ran two or three errands for the latter.   Plaintiff then went to the playground and engaged in a game of ball.   After he had

been playing from twenty to thirty minutes the ball was thrown or batted over to the defendant's tracks. Plaintiff followed it. He reached the tracks just as a freight train was passing slowly east. In attempting to climb upon one of the cars he fell in front of the wheels, and his legs were crushed so badly that it became necessary to take one of them off near the hip and the other below the knee. Suit. was brought to recover damages for these injuries. At the close of the plaintiff's case, the court, on motion of the defendant, instructed the jury to find the defendant not guilty. From the judgment entered upon this verdict the plaintiff sued out this writ of error.

THEODORE G. CASE and JOHN T. MURRAY, for plaintiff in error; A. W. BROWNE, of counsel.

CHESTER M. DAWES and JOSEPH A. CONNELL, for defendant in error.

MR. JUSTICE BALL delivered the opinion of the court.

The action of the learned trial judge in instructing the jury to find a verdict for the defendant was clearly right.

The plaintiff was guilty of such negligence as bars a recovery. He is shown by his own evidence to have been familiar with railway tracks and with the running of cars thereon. He lived near this crossing. He had attended school for three years, and had reached the age of twelve years. He does not claim that he did not know that it was wrong and dangerous to attempt to climb upon a moving freight car. Of his own volition and for his own pleasure he put himself in this place of danger. His statement is, " the ball flew over on the tracks and I went to get it and I got on the train." While it is true that the law does not require a child to use the same degree of care as is required of a grown person, he is, nevertheless, bound to use such reasonable care as one of his age, mental capacity and experience is capable of using; and his failure to so do is negligence. In LeBeau v. P., C., C. & St. L. Ry. Co., 69 Ill. App. 557, under similar circumstances we held that a boy

ten years and five months of age, of ordinary intelligence, as we must presume from the evidence the plaintiff was, knows that it is dangerous to attempt to get on a moving freight train. Such is the law in this state, and we cannot depart from it.

Nor is there any negligence shown upon the part of the defendant. The declaration is framed upon the theory that plaintiff was induced to come upon the tracks by the invitation of the watchman of the defendant stationed at that crossing, and that thus being there and ignorant of the danger incurred in attempting to climb upon moving cars, he tried to do so, and was thus injured. Assuming that the watchman in calling plaintiff to the tower and sending him upon errands was acting within the line of his duty (a point we do not decide, and in favor of which we find no authorities), that fact has no place in the *res gestæ*. The errands had been done and the plaintiff had been playing in a place of safety for twenty minutes to one-half hour before, in following the ball, he came again to the tracks. The evidence shows no negligence upon the part of the defendant which contributed to the happening of this accident.

The trial court did not err in its rulings upon evidence. The judgment of the Superior Court is affirmed.

*Affirmed.*