# THE CHICAGO AND ALTON RAILROAD COMPANY
## v.
## HENRY LAMMERT, by next friend, etc.

1. EVIDENCE.—Preliminary questions asked a witness as to age, residence and occupation are not objectionable. They often serve a useful purpose by affording court, jury and the opposite party the means of identifying the witness, and forming some idea with reference to the credit due from witness' position in society and surroundings.

2. PRACTICE—ACTION BY CHILD FOR PERSONAL INJURIES.—In an action on the case for personal injuries brought in the name of the child injured, the child can, if injured by defendant's fault, properly have satisfaction for the pain, suffering and permanent injury. In such suit, there can be no recovery for loss of child's services and necessary expenses of the parent, as this is not the proper action in which to recover such damages, and it is error to permit a parent to testify as to such expenses, etc., in an action brought by the child.

3. EVIDENCE.—Where a witness, a few days after appellee was injured, had signed a written statement of the occurrences connected therewith, which was in conflict in some material points with the account he gave upon the witness stand. Held, that it was proper to permit him to make an explanation, and due him that he should have an opportunity to do so. It was equally due that appellant should be allowed to obtain, on cross-examination, an admission that he had intentionally made a false statement for purposes of deception.

4. THE SAME.—Where it did not appear that a party was an agent of appellant, much less that he had authority to bind appellant by the statements and acts in question, that they were within the scope of his duty or employment, witnesses can not testify to such statements, as they are mere hearsay and inadmissible.

5. INSTRUCTION NOT BASED ON EVIDENCE.—Where plaintiff was a minor wholly supported by his widowed mother, and the evidence showed that the expenses devolved on and were wholly paid by her, an instruction that the jury, in estimating plaintiff's damages, should take into consideration "the expense, if any, that plaintiff was put to in medical bills or other expenses, if the jury believe, from the evidence, there were such bills or expenses," was erroneous, as there was no proof before the jury of expenditures other than those of the mother, and they could only have understood this instruction as a license from the court to include such expenditures.

6. INSTRUCTION.—An instruction "if appellee was hurt through the negligence of its employes, while they were performing services within the scope of their employment," is erroneous. The right of recovery should be confined to the specific negligences and causes of action alleged in the declaration.

C. & A. R. R. Co. v. Lammert.

7. PRESUMPTIONS OF LAW.—It is not an irrebuttable legal presumption that a deaf and dumb child ten years of age is wholly incapable of reasoning, of appreciating danger, and of exercising any degree of care whatever, and therefore incapable of negligence, and of being a juridical cause of an injury. This is a question of fact, and one to be submitted to the jury as such.

8. NEGLIGENCE—WHAT IS "DUE CARE" IN A CHILD.—A child, who uses·such care as it is reasonable to expect from, and is usually found in, a child of his age and mental capacity, uses what is, as to him, "due care." If a child is wholly devoid of power to appreciate danger, or exerc se any degree of care whatever, then he is *non sui juris*, and of such nothing is required. Mere proof that he is such a child is proof of "due care."

9. PLEADING.—As the record in this case is wholly devoid of evidence to support several of the material facts alleged in the declaration, the judgment below must be reversed.

10. NEGLIGENCE.—Where a boy of his own motion tried to step upon a moving train (the train was a switch engine with cars attached, and the rules of the company forbade any one not an employe to get upon such train, and the boy was not there by the permission of the company, or with the knowledge of the servants), and was injured. Upon the question whether the engineer was guilty of negligence, *held*, that the boy, under the circumstances of this case, assumed a position no better than that of a train man and fellow servant of the engineer; that the engineer, as to persons wrongfully attempting to get upon the cars of the moving train without his knowledge, was not bound to know they were there, and provide for their safety, and as to the train men he was a fellow servant and appellant not responsible for his culpable negligence in that regard, if there was such.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed April 13, 1883.

Messrs. WISE & DAVIS, for appellant; that the right of the son to recover can not be abridged or extended by the financial circumstances of his parents, cited Gavin v. Chicago, 97 Ill. 70; C. & A. R. R. Co. v. Gregory, 58 Ill. 226.

Where a parent sues for injury to child, he can only recover compensation for loss of services, medical attendance, etc. The personal suffering and permanent injury sustained by the child must be the subject of an action brought by the child himself: 2 Sedgwick on Measure of Damages, 520; H. & G. N. R. R. Co. v. Miller, 49 Tex. 322; Sawyer v. Sawyer, 10 Kan. 519; Sykes v. Lawler, 49 Cal. 236; 2 Thompson on Neg-

ligence, 1260; Karr v. Parks, 44 Cal. 46; Dennis v. Clark, 2 Cush. 347; Schouler on Domestic Relations, 251; Redfield on Negligence, § 608; Traver v. Eighth Av. R. R. Co. 6 Abb. (N. S.) 46; Gilligan v. Harlem R. R. Co. 1 Smith, 453; Oakland R. R. Co. v. Fielding, 48 Penn. 320; Penn. R. R. Co. v. Kelley, 31 Penn. 372.

An agency can not be proved by the mere statement of the alleged agent: Whiteside v. Margaret, 51 Ill. 507; Maxey v. Heckethorn, 44 Ill. 437; Linbloom v. Ramsey, 75 Ill. 246; Reynolds v. Ferree, 86 Ill. 570.

Where a declaration proceeds for one cause of action, plaintiff can not recover by proving another and different cause of action: C. & A. R. R. Co. v. Michie, 83 Ill. 427; Carmichael v. Reed, 45 Ill. 108; Guest v. Reynolds, 68 Ill. 478; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; Tracey v. Rodgers, 69 Ill. 662; T. W. & W. R'y Co. v. Beggs, 85 Ill. 80; Bloomington v. Goodrich, 88 Ill. 558; Hilliard's Remedies for Torts, 159 § 9 et seq; Moss v. Johnson, 22 Ill. 633; I. C. R. R. Co. v. McKee, 43 Ill. 120; Poleman v. Johnson, 84 Ill. 269.

The verdict is against the weight of evidence: C. & A. R. R. Co. v. McLaughlin, 47 Ill. 265; C. B. & Q. R. R. Co. v. Stump, 55 Ill. 367; O. & M. R'y Co. v. Stratton, 78 Ill. 88; I. C. R. R. Co. v. Slatton, 54 Ill. 136; I. C. R. R. Co. v. Able, 59 Ill. 131; C. & N. W. R'y Co. v. Scates, 90 Ill. 586.

To make the master liable for servant's negligence, such negligence must be within the scope of the latter's employment: Wheaton on Negligence, § 162; Shearman and Redfield on Negligence, § 62; Redfield on Negligence, § 63; Oxford v. Peter, 28 Ill. 434; Johnson v. Barber, 5 Gilm. 425; Armstrong v. Cooley, 5 Gilm. 509; Fleming v. Brooklyn City R. R. Co. 1 Abb. N. C. 433; Eaton v. Delaware & L. & W. R. R. Co. 57 N. Y. 383; C. &. A. R. R. Co. v. Michie, 83 Ill. 427; Flower v. Penn. R. R. Co. 69 Penn. 210.

There is no recovery where an infant is injured and the defendant is unaware of his being on or about the train and defendant is using ordinary care under the circumstances: Phila. etc. R. R. Co. v. Hummell, 44 Penn. 375; Osterag v. Pacific R. R. Co. 36 Mo. 421; Boland v. Mo. & R. R. Co. 36 Mo.

C. & A. R. R. Co. v. Lammert.

413; Buyler v. Albany, 42 N. Y. 459; Meeks v. S. P. R. R. Co. 52 Cal. 602.

As to the rule of comparative negligence: C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 512.

Messrs. METCALF & BRADSHAW, for appellee; that the objection to the mother's testimony of her means of gaining a livelihood is untenable, cited C. & A. R. R. Co. v. Gregory, 58 Ill. 226.

It was the duty of the engineer to stop the train on being signaled to do so by the brakeman, and the duty of the brakeman to warn the child of danger when he saw him on the platform of the mill: Shearman & Redfield on Negligence, § 493; C. B. & Q. R. R. Co. v. Triplett, 38 Ill. 482; I. C. R. R. Co. v. Hutchinson, 47 Ill. 408.

A change of circumstances from the possession of capacity in the trespasser to avoid danger, to a want of it, would create a corresponding change of duty in appellant's employes: Phila. & Reading R. R. Co. v. Spearen, 47 Penn. 300; P. F. W. & C. R. R. Co. v. Bumstead, 48 Ill. 221.

Objections to incompetent evidence must be specifically and aptly made: Russell v. Whiteside, 4 Scam. 7; Sargent v. Kellogg, 5 Gilm. 273; Swift v. Whitney, 20 Ill. 144; Conway v. Case, 22 Ill. 127; Clevenger v. Dunaway, 84 Ill. 367; C. & A. R. R. Co. v. Morgan, 69 Ill. 492; Wilson v. King, 83 Ill. 232.

BAKER, P. J. Action on the case for personal injuries, in which there was verdict and judgment for appellee for $5,000.

Objections are urged to some of the rulings of the court with reference to the admissibility of testimony, and these may briefly be considered.

There was no error in permitting Mary Staid, mother of appellee, who was a witness for him, to state she had lived in Venice sixteen years and made a living by keeping boarders. These preliminary questions as to age, residence and occupation are quite usually asked and are not considered objectionable. Indeed, the answers to them frequently serve a useful

purpose by affording court, jury and the opposite party and his attorneys the means of identifying the witness, and also forming some idea with reference to the credit due from his or her position in society and surroundings. It was erroneous, however, to permit this witness to testify with regard to the expenses she had sustained in attending to and waiting on appellee, her infant son, as these expenses would not be recoverable in this action. The child, if injured by appellant's fault, would properly have satisfaction in this suit for the pain, suffering and permanent injury; and the parent would have a right of action to recover compensation for loss of service and necessary expenses. The inclusion here of these expenses, would not bar her from obtaining remuneration for them in a different suit, and thus there might be a double recovery.

Considering the wide range the examination in chief of the witness Thomas had taken, and the latitude the court may in its discretion allow a cross-examination, we are inclined to hold the cross-interrogatories and answers excepted to were not improperly allowed to be read to the jury. Some of them, however, hardly seem to be germane to the issue.

Over the objections of appellant, Stites and Wilson, witnesses for appellee, were permitted to detail a conversation between one Tracey and said Stites, that occurred a year or more after the transactions involved in this controversy. It nowhere appears said Tracey was an agent of appellant, much less that he had authority to bind appellant by the statements and acts in question, that they were within the scope of his duty or employment. Chicago City R'y Co. v. McMahon, 103 Ill. 485, has no application to the facts of this case. This testimony was but hearsay, and should have been excluded.

It appears that Stites, the principal witness, had, a very few days after appellee was injured, signed a written statement of the occurrence, connected therewith, that was in conflict, on some material points, with the account he gave upon the witness stand. It was entirely proper to permit him to make an explanation, and due him he should have an opportunity. It

was equally due appellant it should have been allowed to obtain on cross-examination an admission he had intentionally made a statement that was not true. The credibility of this witness, as of all others, was a question for the jury, and appellant was entitled to a concession from the witness himself he had intentionally made a false statement for purposes of deception. The ruling of the court on this point was wrong.

The second instruction given for appellee improperly directs the jury, in estimating plaintiff's damages, to take into consideration " the expense, if any, that plaintiff was put to in medical bills or other expenses, if the jury believe from the evidence there were such bills and expenses." Appellee was a minor, wholly supported by his widowed mother, and the evidence shows the expenses devolved on and were paid by her, and that no pecuniary outlay whatever had been imposed on him. The jury could only have understood this instruction as a license from the court to include in the assessment her expenditures occasioned by the injury, as there was no proof before them of expenditures other than these.

Appellee's third instruction is erroneous in several respects. It informs the jury appellant is liable if appellee was hurt through the negligence of its employes while they were performing services within the scope of their employment. This is stated in general terms, and without any qualification or limitation whatever. The right of recovery should have been confined to the specific negligences and causes of action alleged in the declaration. The verdict may have been based upon an element of liability not involved in the case. There is, incidentally, in this record, testimony as to other supposed negligence not within the scope of the pleadings. C. C. & I. C. R'y Co. v. Troesch, 68 Ill. 545; Camp Pt. Mfg. Co. v. Ballou, 71 Id. 417; E. St. L. P. & P. Co. v. Hightower, 92 Id. 139.

Again, each count of the declaration avers appellee was exercising due care on his part when he was injured. The instruction wholly ignores the requirement appellee himself was exercising ordinary and reasonable care, unless it be held as matter of law the facts he was " about ten years of age and

deaf and dumb," which are stated therein as facts precedent to a right of recovery, are conclusive he did exercise due care. But it is not an irrebuttable legal presumption that a deaf and dumb child ten years of age is wholly incapable of reasoning, of appreciating danger, and of exercising any degree of care whatever, and therefore is incapable of negligence and incapable of being a juridical cause of an injury. It must necessarily be a question of fact, and one to be submitted to the jury as such. Schmidt v. Sinnott, 103 Ill. 160.

We use the terms " due care," " reasonable care " and " ordinary care " as synonymous, and a plaintiff can in no case recover for an injury to his person without he was in the exercise of this " due care " himself. C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 512. The law is just, and requires impossibilities of no one. Only that care and caution is required of a child he is capable of using, and that it is reasonable to expect from and is usually found in a child of his age and mental capacity, possessed of like faculties for the perception and appreciation of danger, and placed in like circumstances. If he uses such care as this, then he uses what is, as to him, " due care." If he is wholly devoid of power to appreciate danger or exercise any degree of care whatever, then he is *non sui juris*, and of such nothing is required; and mere proof he is such, is proof of " due care." The instruction should have been so framed as to have required the jury to find as matter of fact appellee had used due care, that is to say, such care as the law, under all the circumstances, imposed upon him.

The most serious objection, however, to the judgment is that the record is wholly devoid of evidence to support several of the material facts alleged in the declaration. When the case was here before upon a demurrer to the declaration, we laid stress, in reversing the judgment of the circuit court, upon the fact it was averred in the declaration that at the time the train was started, plaintiff was upon the car with the knowledge of the servants of the company then operating the train, and with the permission of the company. We fail to find evidence to sustain either of these facts so alleged. The testimony of Stites, appellee's only witness, as respects

this matter, excludes any presumption the boy was on the car when it was started, and affirmatively establishes the fact to be that after the signal was given, the last brake let off, and the train had started, appellee, with one foot on the platform of the mill and the other on the car, was being pulled around with his foot going out from under him. The witness expresses it thus: "I saw the boy kind of like you would go to step on to anything and it would take your feet from under you and you turned around." There can be no claim any servant of appellant either saw appellee on the train or attempting to get thereon, or had any reasonable ground to suppose he would endeavor to get on prior to the instant Stites saw him as above indicated. Stites immediately signaled the engineer to stop the train; and the testimony is conflicting whether it could, under the circumstances, reasonably have been stopped sooner or in a shorter distance than it was. The engineer had no knowledge appellee or any person other than the train men were on or about the train; and when the signal was given was on his locomotive looking ahead, watching to see if the track was clear at the street crossing. The locomotive and cars were not upon a street, but about to reach and cross a public street of the village. It was in no proper sense either a passenger or freight train, but merely a switch engine, doing switch work on side and switch tracks, and having at the time four cars attached to it. It was against the rules of the company to allow anyone, not an employe, to get on the locomotive or cars of any such train.

Taking the facts to be as stated, there is no negligence shown on the part of appellant, unless it be true the engineer might have stopped the cars more expeditiously than he did, and that he was guilty of negligence in not so doing. In C. B. & Q. R. R. Co. v. Stumps, 55 Ill. 367, where a train of freight cars was being pushed by an engine along the track on a street, and a boy about seven years of age undertook to climb up on one of the cars, and losing his hold, fell under the cars and was seriously hurt, it was held it was not incumbent on the company, under such circumstances, to place a guard

to keep persons off, and that the care and caution imposed where a railroad is operated through a public street is required to be exercised in reference to the proper uses of the street as a thoroughfare of travel rather than to the safety of persons in wrongfully getting on the cars when moving. And in that case the court said: "When an accident has once occurred, because it is seen, after the event, that the use of a particular precaution would have effectually prevented it, that does not show it was a duty beforehand to have adopted that precaution. The duty was to have used every reasonable precaution, and not every absolutely necessary precaution to avoid injury to individuals." In Bulger v. Albany R'y Co. 42 N. Y. 459, it was held it was not actionable want of care in those in charge of horse cars running on a railway along a street of a city, to fail to prevent a child of tender years from approaching unseen by them the side of a car (after the horses and front part of the car had passed) so as to fall under the car and receive injuries from the hind wheel of the car.

The point in the case before us is this: that as respects persons passing on the street or across the track there was no negligence on the part of the engineer; that as respects persons wrongfully attempting to get upon the cars of the moving train without his knowledge, he was not bound to know they were there and provide for their safety, and that as respects the train men he was a fellow servant and appellant not responsible for his culpable negligence in that regard, if there was such. Had appellee been upon the train by permission of the company and with the knowledge of the servants operating it, then he would have stood in the attitude of a passenger, and the company would have been held to the highest degree of diligence to secure his safety. But the boy of his own motion tried to step upon the moving train and doing so he assumed a position no better than that of a train man and fellow servant of the engineer; at least so long as the engineer was not chargeable with notice he was there. We see then, the failure to prove the averments we have referred to had the effect, not simply to make it a case of vari-

ance, but of a failure to establish material and essential allegations in the case made by the declaration.

It was error to refuse the motion for a new trial.

The judgment is reversed and the cause remanded.

Reversed and remanded.