CHICAGO & WESTERN INDIANA RAILROAD COMPANY

v.

BARCLAY ROATH, BY NEXT FRIEND, ETC.

*Railroads—Negligence—Personal Injuries—Crossings—Child—Climbing upon Train—Special Findings—Evidence—Instructions—Flagman—Absence of.*

1. A railroad company does not owe the duty of having a flagman at a crossing, to one injured while attempting at such crossing to climb upon one of its trains.

2. The fact that one who attempts to climb upon one of its moving trains is an infant in years and consequently without discretion and not chargeable with negligence, does not in case of injury give rise to liability on the part of such company, no duty incumbent on it being involved.

3. In an action brought to recover from a railroad company, for the loss of a leg by a child six years old, alleged to have occurred through its negligence, this court holds, that in view of the erroneous modification of certain instructions, the verdict for the plaintiff can not stand.

[Opinion filed February 12, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

This action was brought by appellee by his next friend to recover damages for the loss of his leg, which was crushed by being run over at the crossing of 68th street by some cars of

35 349
41 314
35 349
51 424
35 349
54 97
54 482
35 349
57 590
35 349
58 262
35 349
67 41
35 349
73 264
35 349
f98 546

a freight train which was running on appellant's road. The declaration alleges that the neighborhood of this crossing was thickly settled; that a depot was situated there; that a school at which a large number of pupils attended was near by, and that it was reasonably necessary for the protection of the pupils attending said school and the traveling public, that gates and a watchman should be kept by the company at this crossing; yet the defendant neglected to provide guards or other protection for children of tender years, and without discretion, whereby plaintiff, being then of the age of six years and without knowledge or appreciation of the danger of being about these tracks, and while in the exercise of all care which could reasonably be expected of one of his age, while passing over and upon said railroad, at and upon said 68th street, was run upon by a locomotive and train of cars of the defendant then being operated upon said railroad, and knocked down and his leg crushed, and amputation thereof made necessary whereby, etc.

On trial, special interrogatories submitted to the jury were answered as follows:

1st.    Was the plaintiff struck by the engine? A. No.

2d.    Was not the plaintiff run over by one of the freight cars attached to and in the rear of the engine? A. Yes.

3d.    Was not the plaintiff at the time of the accident attempting to get on the freight train while it was in motion? A. Six jurymen, no; five jurymen, yes, and the jury can not agree on an answer to this interrogatory.

4th.    Had not the plaintiff crossed over the track in front of the approaching freight train before the accident? A. Yes.

The jury returned a general verdict finding appellant guilty, and assessing appellee's damages at $5,000, and from the judgment thereon this appeal is prosecuted.

Messrs. OSBORN & LYNDE, for appellant.

Mr. WILLIAM BROWN, for appellee.

MORAN, J.    The train which injured appellee was moving north, and he was either crossing or had just crossed the tracks and was going toward the west on 68th street. After

the accident he was found some six feet north of the north sidewalk on said street. There was evidence tending to show that he got across the track before the accident, and that he was not struck or run over by the engine, but was run over by one of the cars in the rear of it, as the jury found; and also evidence tending to show that at the time of the accident he was attempting to climb on the moving train. Appellant requested the court to give to the jury, among others, the following instruction, which the court refused to give as asked, but gave as modified by the words in italics.

9. "The jury are instructed as a matter of law that if they shall find from the evidence that the injury to the plaintiff was caused by an attempt on his part to climb upon the train in question, while the same was in motion, *and if, from all the evidence in the case, the jury find that such conduct was an act of negligence or want of ordinary care on the part of the plaintiff*, then he is not entitled to recover, and your verdict should be for the defendant."

Unless this case can be distinguished on this point from C., R. I. & P. Ry. Co. et al. v. Eninger, 114 Ill. 79, we have the express authority of the Supreme Court, that the refusal to give said instruction as asked, and modifying it as was done, was error.

The distinction is sought to be drawn by the fact that in that case there was evidence to show that at the time the plaintiff was struck he was traveling along and upon the railroad's right of way; while here the boy injured was proceeding rightfully over the crossing and was injured upon the same. But in that case the contention of the plaintiff was that he was injured at a street crossing, while it was defendants' evidence that he was walking on the track when struck; and it was in view of this issue that the court held it error to instruct the jury that if the injury happened because of there being no flagman at the crossing to give warning of the approach of the train, the plaintiff was entitled to recover. But the language of the court in discussing the instruction having reference to climbing on the train while in motion, shows that said instruction should have been given without

any reference to the question of flagmen at the crossing. The opinion states: "The defendants were liable only for negligence. Negligence is the breach of duty which one owes to another. The only acts of negligence charged against the defendants were not ringing a bell or sounding a whistle, not having a flagman at the crossing, and running at a greater rate of speed than six miles an hour, and there was no evidence tending to prove any other. *The defendants owed no such duty as the breach of is here charged, to any trespasser attempting to climb upon their trains.*" If language means anything, the foregoing is an authoritative declaration that a railroad company owed no such duty as having a watchman or flagman at a crossing, to one injured while attempting at or upon the crossing to climb upon the train.

The fact that one who attempts to climb upon a moving train is an infant in years and consequently without discretion, and not chargeable with any negligence, does not, if he is injured, give rise to liability on the part of the railroad company, even if the plaintiff has exercised the highest degree of care; because he can not recover unless there is negligence on the defendant's part which caused the injury. There can be no negligence without the failure to observe some duty. The attempt to govern this case by the rule that obtains where a defendant has carelessly left exposed to ready access some dangerous machine, in its nature or operation alluring to the instincts of childhood, is not tenable. If steam roads owe the duty of preventing children from climbing on their moving trains at crossings, then the operator of the street car, or the driver of a farmer's cart, or any other vehicle which runs upon the street, and by its movement or its rumble excites a childish desire to mount and ride, must in logic and in reason owe a similar duty, and be alike liable for its non-performance. Such a doctrine is not founded in justice or reason, and is without the support of legal sanction.

Defendant asked the court to give instruction No. 10, which as modified by the court was given, as follows, the modification being shown by italics:

"If the jury shall find from the evidence that at the time of the accident the defendant did not have stationed at 68th

C. & W. I. R. R. Co. v. Roath.

street crossing any flagman, and that this crossing was a place of danger, and that it was the duty of the defendant, at the time in question, to have stationed at this crossing a flagman, but the injury to plaintiff was caused by his attempting to climb upon the defendant's train while the train was in motion, *and from all the evidence in the case the jury find that such conduct was an act of negligence or want of ordinary care on the part of the plaintiff*, then they are instructed to disregard the evidence as to failure to station a flagman at such crossing, or as to the speed of the train, and that the plaintiff can not recover, but that their verdict should be for the defendant."

Considerations already stated required the giving of said instruction as asked. The modification introduced a confusing element, and carried the implication, that as the child's climbing on the train could not be charged against him as a want of care, the failure to have a flagman on the crossing or running the train at a speed forbidden by law, might warrant a recovery against the company.

If these instructions had been given as asked, it is plain that the five jurors who found from the evidence that the boy was attempting to climb on the moving train when injured, could not have agreed to a general verdict against defendant, and all the jurors would have seen that that was a controlling question in the case, and have examined with more care the evidence on that point. The modifications made rendered the question of whether plaintiff was climbing on the train or not at the time of the injury, unimportant, by turning it into an inquiry whether such climbing constituted negligence on his part.

The true question was, did the injury occur by reason of the defendant failing to discharge any duty which, at the time and under the circumstances of the accident, it owed to the plaintiff? There are other errors in modifying instructions which we think it unnecessary to discuss, as an observance of the law as stated herein will prevent the same errors occurring on another trial.

For the errors indicated the judgment will be reversed and the case remanded.                    *Reversed and remanded.*