Jacob Wolverton and Charles A. Clark v. Geo. H. Taylor & Co., Geo. H. Taylor and William H. Longley et al.

1. APPELLATE COURT PRACTICE—*Improper Briefs.*—A brief which asserts that the allegations of the bill are fully supported by the evidence but contains no reference to either record or abstract, and leaves the

Wolverton v. Taylor & Co.

court to take the counsel's word or grope, as best it can, through the abstract and record to ascertain what the truth as to the matters in dispute is, is not in accordance with the rules of the Appellate Court.

2. Res Adjudicata—*Former Decisions.*—The fact that the allegations of the bill have been by this court declared to constitute a good cause of action does not make such allegations *res adjudicata.*

Memorandum.—Bill under Sec. 25, Chap. 32, Ill. R. S., to obtain a judgment. · Appeal from the Superior Court of Cook County; the Hon. William G. Ewing, Judge. presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed June 4, 1894.

Consider H. Willett, attorney for appellants.

Tenney, Church & Coffeen, attorneys for appellees.

Mr. Justice Waterman delivered the opinion of the Court.

An original bill in equity was filed January 12, 1888, under Sec. 25, Chap. 32, Ill. R. S., to obtain a judgment against the " Geo. H. Taylor Co." corporation upon its promissory notes, because the corporation was dissolved and ceased doing business, leaving debts unpaid; also to enforce the liability existing under section 16 of the same chapter, as to officers and directors voluntarily assenting to a corporate indebtedness in excess of the capital stock of a corporation, Taylor, the president and a director, and Longley, the treasurer and a director, having assented to this indebtedness in excess of the capital stock.

The " Geo. H. Taylor Co." corporation was organized in 1881, in Chicago, Ill., under the chapter under which suit is brought, for the object of the manufacture, purchase and sale of paper, with a capital stock of $50,000.

It is stipulated that Geo. H. Taylor as president, and Wm. H. Longley as treasurer, assented to an indebtedness of the corporation to the extent of $200,000, including the indebtedness upon which this suit is brought.

It was alleged that the corporation had been dissolved, and had ceased to do business, leaving debts unpaid. The bill was therefore filed under Sec. 25, Chap. 32, Ill. R. S., to enforce the liability under section 16 of that chapter, of

officers or directors assenting to an indebtedness in excess of the capital stock of a corporation. It is an original bill in equity to obtain a judgment against a corporation, and a judgment against each officer of the corporation who assented to the indebtedness mentioned in the bill, such indebtedness being in excess of the capital stock of the corporation.

Appellants' brief asserts that the allegations of the bill are fully supported by the evidence, but the brief contains only one reference—that as to an indisputed matter—to either record or abstract; and we are thus, by appellants, left to take their word or to grope, as best we can, through the forty printed pages of the abstract, and the 290 pages of the record, to ascertain what the truth as to the matters in dispute is.

Such a brief is not in accordance with the rules of this court, and we might for that reason, alone, confirm the decree rendered in this cause.

An examination of the record, as well as the brief filed by appellees, discloses that most material and vital allegations of the bill are denied by the answers, and that much evidence was produced tending to show that the position of appellants in respect to the alleged indebtedness of the insolvent corporation to them is such that appellants have no standing in a court of equity.

We infer that counsel for appellants are of the opinion that if the evidence produced by appellees is to be considered at all, the decree of the Supreme Court must be affirmed, as their argument in this court is as follows:

First. The language of the Ill. R. S., Sec. 25, Chap. 32, creates a remedy by an original bill to enforce the contract liability, created by Sec. 16 of the same chapter.

Second. The allegations contained in this bill, state a cause of action, and such allegations have become *res adjudicata*. Wolverton v. Taylor, 132 Ill. 197; Wolverton v. Taylor, 43 Ill. App. 424.

Third. The proofs offered in evidence sustain the allegations of the bill, and each assignment of error is insisted upon by appellants.

Dueber Watch Case Mfg. Co. v. Young.

The fact that the allegations of the bill have been, by this court, declared to constitute a good cause of action, does not make such allegations *res adjudicata.*

This court is in this cause bound by the judgment by it rendered upon a former appeal, as well as by the judgment of the Supreme Court; but this court has not passed upon the truth of any of the allegations of the bill, and the judgment of this court, as well as that of the Supreme Court upon a former appeal, left appellees at liberty, under permission of the Superior Court, to deny the allegations of the bill, or to set up new matter in evidence thereof.

We have examined the certificate of evidence filed, and are of the opinion that the bill of appellants was, upon the hearing, properly dismissed for want of equity. Equitably the insolvent corporation is not indebted to appellants.

The decree of the Superior Court is affirmed.