## David M. Hart v. Washington Park Club.

1. NEGLIGENCE—*By Omission.*—Negligence by omission can only exist where a duty is not performed.

**Memorandum.**—Action for personal injuries.   Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1894, and affirmed.   Opinion filed June 18, 1894.

APPELLANT'S BRIEF, ROSENTHAL & HIRSCHL, ATTORNEYS.

If the court rejects the maxim *res ipsa loquitur* it will be like setting a premium upon negligence, and exposing the helpless public without redress to an untold number of dangers.   We find the maxim explained and applied (without reference now to railroad cases, such as I. C. R. R. v. Phillips, 49 Ill. 234) in the following, among other cases :

It applies " even where no special relation like that of passenger and carrier exists between the parties." North C. S. R. Co. v. Cotton, 140 Ill. 486.

Employe injured by breaking of the winch of a windlass at which he was working.   Hamilton v. Branfoot, 48 Fed. Rep. 914.

Building falls upon a passer-by.   Mullen v. St. John, 57 N. Y. 568 (15 Am. Rep. 530).

A box falls while being hoisted.   Lyons v. Rosenthal, 11 Hun, 46.

A berth in a steamboat falls.   Smith v. British Packet Co., 86 N. Y. 408.

An elevator falls upon plaintiff. Gerlach v. Edelmeyer, 47 N. Y. Sup. Ct. 292.

Packing cases fall upon the plaintiff. Briggs v. Oliver, 4 Hurlst. & Colt. 407.

A boiler explodes and injures a person lawfully present who sustains no relation of employment or duty to the person controlling the boiler. John Morris Co. v. Burgess, 44 Ill. App. 27.

A coach is upset and injures a passenger. Payne v. Halstead, 44 Ill. App. 97.

A piece of iron falls from an elevated railroad track. Volkmar v. Manhattan Ry. Co., 134 N. Y. 418–31, N. E. Rep. 870.

An omnibus horse kicks a passenger; the owner has burden of proof to explain the reason and show absence of negligence. Simpson v. The London, etc., Co. Law Reports, 8 Com. Pleas 390 (6 Moak, 173).

Negligence is presumed from horse running unattended. Its owner should explain. Strup v. Edens, 22 Wis. 432; Hill v. Scott, 38 Mo. App. 370; Unger v. 42d Street, etc., Co., 51 N. Y. 497.

CRATTY BROS., JARVIS & CLEVELAND, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
The declaration of the appellant is as follows:

" For that, whereas, heretofore, on the day commonly known as Derby Day, on, to wit, the 25th day of June, 1893, said defendant in said county, on the certain race course then and there in its possession, gave and conducted a public exhibition of horse racing and thereto invited the public at large, charging and receiving an admission fee, plaintiff paid said fee and attended said exhibition, and was then and there, and at all times thereabouts, in the exercise of all reasonable and ordinary care, and lawfully in and upon the ground in defendant's possession and control, set aside by defendant for the use of the spectators at said races,

and plaintiff alleges that it then and there became, and was the duty of defendant to use all reasonable and ordinary care to keep said grounds in a reasonably safe and suitable condition for said spectators, and therein defendant made default, and so carelessly and negligently kept said grounds, that a horse drawing a vehicle, ran unguarded, unattended and unhindered, from a cause or causes which, upon diligent inquiry, plaintiff has not been able to learn, but which are to defendant well known, through and among the spectators, and in so doing ran upon and against the plaintiff, hereby," etc.

On demurrer final judgment was rendered for the appellee, and from that judgment this appeal is prosecuted.

We know nothing judicially of the arrangements for the accommodation of spectators at horse races. If the horses run around upon a road separating an inner inclosure from an outer one, and if within the inner inclosure are spectators, some on foot, and some in carriages, it is not apparent how the proprietors of the race course could hold the horses of the spectators. In the nature of things some one in charge of any carriage would be also in charge of the horse or horses attached. Unless it be negligence to admit at all spectators in carriages, which, we suppose, would not be contended, there could be no neglect charged upon the appellee because a horse ran away.

The description in the declaration of a race course and what happens there, is not sufficient to show any duty of the appellee, and the averment of duty is idle. Angus v. Lee, 40. Ill. App. 304.

Negligence by omission can only be where a duty is not performed. C. & W. I. v. Roath, 35 Ill. App. 349.

The judgment is affirmed.