## East St. Louis Connecting Railway Company v. William Jenks, Admr., etc.

1. NEGLIGENCE—*Pleading and Proof—Wantonness and Intentional Wrong.*—The degree of negligence is a matter of proof and not of averment necessarily, yet wantonness or intentional wrong is not legally classed with any degree of mere negligence. Gross negligence is not in law a designated and intentional mischief, although it may be cogent evidence of such fact.

2. SAME—*Contributory Negligence as a Defense.*—Where the action is founded on negligence of any degree, contributory negligence is a defense, but it is not, where the injury is willful.

3. INTENTIONAL WRONG—*As a Ground of Action.*—Intentional wrong as a ground of action is not involved in a case counting for mere negligence.

4. NEGLIGENCE—*Special Findings and the General Verdict.*—In an action for damages resulting from a death caused by negligence, where the charge was that the defendants suddenly and without warning moved a locomotive and train, the jury found a general verdict for the plaintiff, but also found specially that the men in charge of the train before starting it, gave all the warning required by law. The judgment entered upon the general verdict was reversed.

5. RAILROAD CARS—*Children Hanging Upon.*—It is not the duty of employes of a railroad company before starting a train, to make an examination to see if any children are hanging upon or have crawled under it.

6. RAILROAD COMPANIES—*Not Insurers.*—A railroad company is not an insurer against every accident which happens in a street; when it has exercised the highest degree of care for the safety of the citizen consistent with a reasonable exercise of its franchise, if there is no negligence or willful misconduct, there is no liability.

7. SAME—*Duty Regarding Children.*—The fact that a child of tender years and incapable of exercising care, is the injured party, in the absence of knowledge of its peril, does not affect the question of the care to be used by a railroad company, nor the degree of care imposed by the law.

**Memorandum.**—Action for damages. Death from negligent act. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1894. Reversed and remanded. Opinion filed June 23, 1894.

CHARLES W. THOMAS, attorney for appellant.

JAMES M. HAY, attorney for appellee.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellee to recover damages for the death of his intestate, caused, as alleged, by the negligence of the servants of appellant in the operation of a train in the streets of the city of East St. Louis. The declaration contains two counts.

The first in substance avers that on the 16th day of February, 1891, the defendant was transporting gravel, etc., in its

East St. Louis Connecting Ry. Co. v. Jenks.

cars to 10th street in said city and unloading same there; that after unloading the cars, the train was left standing near the house of the deceased, who, being a child of tender years, without fault of its parents, or other relatives, wandered away from his home to the said train so left standing, and the said servants returning to the train, " suddenly and without warning, recklessly, negligently and carelessly started and moved the said train of cars, and he, the said Robert Jenks, being three years of age, was then and there instantly killed."

The second count avers the operation of the train on 10th street for the purpose stated, and the unloading of gravel near plaintiff's house, and that the deceased without fault strayed away from his home unobserved, "and slid down the heap of earthy gravel and sand unloaded from said cars, under the said train, and when the said agents returned to said locomotive and cars, which they had left, it thereupon became and was the bounden duty of defendant to ring a bell, sound a whistle, or to give some other signal or warning before starting its said locomotive and cars, yet the defendant did not regard its duty nor use due care in that behalf, but on the contrary, the defendant, by its agent, did carelessly, negligently and with conscious indifference to consequences, cause said locomotive and cars to be suddenly and violently started and moved, thereby the said Robert Jenks then and there being instantly killed."

The jury returned an answer with the general verdict, to the following interrogatories :

Did defendant's servants, before starting the train, give warning that it would start ?

Answer. Yes.

Did defendant's servants in charge of the locomotive give a warning by ringing the bell or sounding the whistle before the train moved ?

Answer. Yes.

Was the injury due to the failure of defendant's servants to ring a bell or sound a whistle on the locomotive ?

Answer. No.

The defendant moved the court to enter judgment on the special findings in favor of defendant.

The court refused to do so and defendant excepted.

Then the court gave judgment for plaintiff for $387.50 on the general verdict and defendant excepted.

The errors assigned question the ruling of the court on the defendant's motion for a judgment in its favor on the special finding, and in entering judgment on the general verdict in favor of the plaintiff. The record contains no bill of exceptions.

The issue is here, whether or not the special findings respond fully to the averments of negligence charged in the declaration. Both counts charge merely negligence. There is no averment of wantonness, willfulness or intentional wrong in either count. The second count charges the defendant's servants with having started the train " with conscious indifference to consequences," but this was because they failed " to ring a bell, sound a whistle, or give some other signal or warning before starting." While the degree of negligence is a matter of proof and not of averment, necessarily, yet, wantonness or intentional wrong is not legally classed with any degree of mere negligence. Gross negligence is not in law "a designed and intentional mischief, although it may be cogent evidence of such fact." J. S. E. Ry. Co. v. Southworth, 135 Ill. 255; I. C. R. R. Co. v. Beard, 49 Ill. App. 544. Where the action is founded on negligence of any degree, contributory negligence is a defense. G. C. U. R. R. Co. v. Fay, 16 Ill. 558. It is not where the injury is willful. L. S. & M. S. Ry. Co. v. Bodemer, 139 Ill. 606; Beard case, *supra*, 245.

Intentional wrong as a ground of action is not involved in a case counting for mere negligence. C. & A. R. R. Co. v. Robinson, 106 Ill. 144.

The real charge of negligence is that the defendant " suddenly and without warning, started and moved the said locomotive and train."

The jury specifically found that the defendant's servants, *before* starting the train, gave warning that it would start,

by ringing the bell or sounding the whistle, before the train moved, and that the injury was not due to failure to ring the bell or sound the whistle before the train moved.

Section 6, Chap. 114, provides, "Every railroad corporation shall cause a bell of at least thirty pounds weight, and a steam whistle placed and kept on each locomotive engine," for the purpose of giving warning at crossings (Ibid.), " and a reasonable time before starting a train at any station, or within any city, incorporated town or village." The finding of the jury shows this law was complied with. The law is in the nature of a police regulation fixing the standard of duty or care required in starting a train at the places indicated.

What other warning could the defendant's servants be expected to give to avoid the charge of negligence? The warning given was that required by law and recognized by all usage. The appellee's counsel, in their argument, insist it was their duty " to have examined by personal inspection to see if there were any children under, or in a position of danger, and remove them." They ask " was it not negligence in them to leave this train standing for a long time where children could get under it and climb up between the cars, and hastily and suddenly start off? "

It is customary to leave trains standing in streets on the railroad company's right of way, at almost every station, where, too often, children congregate. If before starting such trains, such an examination as suggested is required by law to be made, to see if there are any children under or on the train, in order to be in the exercise of ordinary care, then this question becomes a very important one. No authorities are cited wherein such a rule of law has been laid down as to the operation of trains. In the case of C., B. & Q. R. R. Co. v. Stumps, 55 Ill. 367, it was held not to be negligence not to station a man at each car to keep children off the train in the streets of a city. In this case the child was too young to be charged with negligence. The case was re-affirmed in 69 Ill. 409, where it is said, " The law has not made the railroad company an insurer against

every casualty that may happen in a street, when it has exercised the highest degree of care for the safety of the citizen, consistent with a reasonable exercise of its franchise. If there is no negligence or willful misconduct, there can be no liability, no matter how severe the injury inflicted, nor whether the party injured is capable of exercising care for his personal safety." In the case of C. & A. R. R. Co. v. McLaughlin, 47 Ill. 275, a detached car on a public street was started without signal, whereby a boy's foot was crushed who was playing about the car; it was held to be no part of the duty of the company to maintain a guard over cars left standing on the track, to warn children from playing about or getting upon them. See Stumps case, 69 Ill., p. 414; C. & A. R. R. Co. v. Lammerts, 12 Ill. App. 408.

The statute required the appellant's servants to ring the bell or sound the whistle before starting the train, which is the same kind of warning required to be given before reaching a crossing. As to signals at crossings it is said in C. & A. R. R. Co. v. Robinson, 106 Ill. p. 146, "These signals are well understood by every one, and they constitute all the 'warning' the law requires the servants on the train to give."

In either case, if the servants operating a train knew before starting it, or before reaching a crossing, that a child was on the track exposed to danger, then of course the servants would have been required to exert every effort reasonably possible to avoid injurying it, for an injury inflicted with such knowledge, and the power to prevent it, would have been wanton and willful. This declaration does not count for an injury so inflicted. The negligence charged is in failing to give warning before starting the train and in suddenly starting the same—not for intentionally or wantonly running over the child. There is no suggestion in the pleadings or the argument of counsel that the servants operating the train knew or had reason to know the child was in a place of peril. The fact the cars were left standing in a public street was not sufficient to put them on notice, as shown by the cases above cited.

In such a case as this, the question is, was there a failure to exercise ordinary care, there being no willful act alleged. C. W. D. Ry. Co. v. Ryan, 131 Ill. 479.

The fact that the child was of such tender years as to be incapable of exercising care on its part, does not affect the question of the care used by the servants of appellant, nor the degree of care imposed by the law, in the absence of knowledge of its peril, as appellee's counsel seem to assume. Negligence, or the want of care, must be predicated on the failure to perform some duty imposed by the law. That duty, as has been observed, was to give warning before starting the train by sounding the bell or the whistle of the engine. Primarily no other duty was required, though the train was liable to excite the curiosity of children, and attract them to it. C. & W. I. R. R. Co. v. Roath, 35 Ill. App. 349; C., R. I. & P. Ry. Co. v. Eninger, 114 Ill. 79. The finding is conclusive of this trial that such warning was given and the injury was not due to such alleged failure.

It was fully responsive to the negligence charged in the declaration and therefore the judgment will be reversed and the cause remanded.