58b 261
67    99

## Edward Conlon, a Minor, by his Next Friend, v. Loren Bailey and Ebenezer Saunders.

1. NEGLIGENCE—*In What it Consists.*—There can be no negligence without the failure to observe some duty. In law a person can be negligent only toward him to whom he owes a duty.

2. INFANTS—*Excused from Using Due Care—Duty Toward.*—While infancy excuses a person from the exercise of reasonable care, it does not increase the duty of third persons to him.

3. SAME—*Injuries to, When Trespassing.*—An infant five years of age, without notice to the driver, climbed on a step on the rear of an ice wagon which was being driven along a public street. A large block of ice slid out, fell upon and severely injured him. *Held*, as the owners of the wagon owed no duty to him they were not liable.

**Trespass on the Case,** for personal injuries. Error to the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed April 4, 1895.

KING & GROSS, attorneys for plaintiff in error; ANDREW J. HIRSCHL, of counsel.

W. E. HUGHES, attorney for defendants in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The defendants in error owned an ice wagon which was being driven along a public street. The plaintiff in error, between four and five years of age, climbed upon a step on the rear of the wagon, and a large block of ice slid out, falling on, and severely injuring him. Had the boards at the end of the wagon been higher, the ice would not have slid out. Had the boy not been upon the step, he would not have been injured as he was. Admit that the defendants in error were negligent in securing the ice, yet they were negligent only toward those to whom they owed a duty. "There can be no negligence without the failure to observe some duty." Chi. & West. Ind. R. R. v. Booth, 35 Ill. App. 349. Had the block fallen upon one crossing the street, or walking behind the wagon, the duty so to use the street as not to injure others using it, would raise a question not in this case. And it is no answer to say that the boy might have been injured when on the street behind the wagon, as severely as when on the step.

The fact is that he was not on the street, and only omniscience can tell where he would have been if not on the step.

Being on the step without notice to the driver, the defendants in error were only under obligations of "general humanity," "not wantonly or carelessly to be an aggressor" toward him. West Chicago Street R. R. v. Binder, 51 Ill. App. 420; Chicago West Div. Ry. v. Hair, 5419, March 5, 1895.

The infancy of the plaintiff in error would excuse him from the exercise of any care. Chicago City Ry. v. Wilcox 33 Ill. App. 450; affirmed, 138 Ill. 370.

But such infancy creates no duty of defendants in error. C. & W. I. R. R. v. Roath, 35 Ill. App. 349; Chi. Con. Bottling Co. v. McGinnis, 51 Ill. App. 325.

This suit is by the plaintiff in error to recover damages for the injury he sustained. The Circuit Court instructed the jury to find for the defendants, which was right, and the judgment is affirmed.