## Lawrence Meehan, Adm'r, v. Chicago & N. W. Ry. Co.

1. TRESPASSERS—*Upon Railroad Tracks.*—A railroad company is not liable for injuries to persons trespassing upon its right of way, unless the acts resulting in such injuries are wantonly or willfully committed.

2. AMENDMENTS—*When Properly Refused.*—When, after all the evidence in a case was in, the plaintiff moved to amend his declaration but the court refused to allow the amendment, and it appeared from the record that if the case had been left to the jury upon the evidence and a verdict rendered in favor of the plaintiff it would have been set aside, even if the amendment had been allowed, *it was held* that the amendment was properly refused.

Action, for personal injuries. Error to the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 5, 1896.

KING & GROSS, attorneys for plaintiff in error; ANDREW J. HIRSCHL, of counsel.

A. W. PULVER, attorney for defendant in error; LLOYD W. BOWERS and E. E. OSBORN, of counsel.

Mr. Justice Shepard delivered the opinion of the Court.

On June 18, 1885, the plaintiff's intestate, a boy a little more than five years old, was killed by being run over by a moving freight car on the tracks of the defendant.

The declaration charged that the child was, when struck, upon Erie street, a public highway.

After the evidence on both sides had been closed, the plaintiff's counsel offered to amend each count of the declaration by alleging that the place of the accident was within the lines of Union street, but his motion was denied, whether correctly or not we need not decide, for in the view we take of the case, we regard it to be immaterial.

Near to the spot where the child was killed, a viaduct existed, rising out of both Erie and Union streets, considerably above the original grade of both streets, and extending eastwardly across and above the tracks of the railroad and over the north branch of the Chicago river.

Underneath the viaduct a system of tracks, nearly thirty in number, runs diagonally across the lower or natural surface of both streets, (if we concede that Union street extends beyond its junction with Erie street,) and constitutes what is called a railroad yard.

On the north side of the viaduct opposite where Union street joins, on the viaduct, with Erie street, is a stairway which leads down from the viaduct to the surface of the ground where the tracks exist, and lands close to some of the railroad tracks.

That stairway appears to be wholly within the street lines, and is reached from the sidewalk on the viaduct by an entrance or platform, as wide as the stairs, that juts out from, and on a level with, the sidewalk, and is probably, as alleged in the declaration, a part of the highway.

On the ground below the viaduct stood store-houses, among which was an ice-house, which, as was testified, was about fifteen feet from the foot of the stairway, and appears, by the plat in evidence, to extend to some extent upon the lower surface of both Erie and Union streets (if the latter street extends north of Erie street).

Meehan v. C. & N. W. Ry. Co.

On the day in question, plaintiff's intestate, then, as said, about five years old, with two little girls, went down the stairway, and engaged at play in some shavings at the side of the ice-house, standing on the level of the railroad tracks and near them. The last that the little girls who were with him, saw of the boy before the moment of his hurt, he was sitting with them on the shavings. The girls were filling their bean bags, and the next that attracted their attention toward the boy was they heard a cry from him, and as they looked up they saw him in the act of falling as if from the brake-beam of one of two cars that were being backed southwardly and nearly in front of where they were sitting.

The verdict of the coroner's jury was also that the boy came to his death by being run over "while riding on the brake-beam of said car."

The only witness besides the girls, who testified to having seen the accident, was one Charles Vallette, whose evidence would seem to indicate that the child was run upon by the cars while he was playing upon the tracks in front of them.

Giving to his testimony the most favorable construction for the plaintiff in error that it is susceptible of, the defendant would only be liable for wantonly or willfully causing the injury complained of, and there is no evidence in the case that tends to support wantonness or willfulness in the defendant. And the entire absence of such evidence sufficiently answers the assigned error in refusing, after all the evidence was in, to permit the plaintiff to amend the declaration by charging that the acts of the defendant were wanton, willful and reckless.

We have carefully considered the entire record, and are satisfied that if the case had been left to the jury, and a verdict rendered in favor of the plaintiff, it should have been set aside, even if the offered amendment had been allowed.

As this court said in R. R. Co. v. Roath, 35 Ill. App. 349, "There can be no negligence without the failure to observe some duty;" and the further observations in the opinion in

that case concerning the lack of duty by railway companies to prevent children from climbing on cars at street crossings, (even if it be conceded that the place of this accident was at a street crossing,) are applicable here. See, also, E. St. L. C. Ry. Co. v. Jenks, 54 Ill. App. 91.

The trial court instructed the jury to return a verdict for the defendant, and, we think, correctly.

The judgment of the Superior Court will, accordingly, be affirmed.