## Albert Haberlau, by his next friend, v. Lake Shore & M. S. R. R. Co. and Chicago, R. I. & P. R'y Co.

1. APPELLATE COURT PRACTICE—*Improper Briefs.*—A mere statement of the opinion of counsel is not a brief and where such a statement is filed by an appellant or plaintiff in error the court is warranted in affirming the judgment without examination of the merits.

2. RAILROADS—*Not Bound to Keep Children off of Trains.*—It is not a duty of a railroad company to see that children do not climb upon its trains at street crossings and no negligence can be charged against it for failing to do so irrespective of the age of a child who is injured or his freedom from chargeable negligence.

3. PLEADING—*Duplicity.*—A declaration containing only one count and alleging negligence on the part of a railroad company in failing to fence its right of way, and to keep a flagman at a street crossing, is bad on special demurrer for duplicity.

Trespass on the Case, for personal injuries. Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed January 27, 1898.

JNO. F. WATERS, attorney for plaintiff in error.

WM. MCFADON, attorney for defendant in error.

The brief in this case as filed by plaintiff in error is in no way a compliance with the rules of this court, and for that reason, if no other, the judgment of the trial court should be affirmed. Wolverton v. Taylor & Co., 54 Ill. App. 380. People v. Hanson, 150 Ill. 122.

The declaration was, moreover, bad for duplicity. Chicago, B. & Q. R. R. Co. v. Magee, 60 Ill. 529.

The rule of law is that the first requisite in a negligence case is, to show the existence of the duty supposed not to have been performed. Cooley on Torts, p. 259; Angus v. Lee, 40 Ill. App. 304.

It has been held to be the rule of law in Illinois repeatedly, that it is not the duty of a railroad company to keep or warn boys off of a public street used by it. LeBeau v. Pittsburg, C. C. & St. L. Ry. Co., 69 Ill. App. 557.

Nor are railway companies under any duty of preventing children from climbing on their trains at street crossings. Meehan v. Chicago & N. W. R'y Co., 67 Ill. App. 39; East St. L. C. R'y Co. v. Jenks, 54 Ill. App. 91; Chicago & A. R. R. Co. v. McLaughlin, 47 Ill. 265; Chicago, B. & Q. v. Stumps, 69 Ill. 409; Chicago, B. & Q. v. Stumps, 55 Ill. 367; Chicago, R. I. & P. R. R. Co. v. Berg, 57 Ill. App. 521.

Nor do they owe the duty of maintaining a flagman at a crossing to one climbing on to the side of a car on a street crossing. Chicago & W. I. R. R. Co. v. Roath, 35 Ill. App. 349.

Nor is such duty owed as to a flagman to one traveling laterally along a railroad right of way for his convenience. Chicago, R. I. & P. R. R. Co. v. Eininger, 114 Ill. 79.

The attractiveness of the locality does not change the rule. Le Beau v. Pittsburg, C., C. & St. L. R'y Co., 69 Ill. App. 557; Chicago & W. I. R. R. Co. v. Roath, 35 Ill. App. 349.

Mr. Justice Sears delivered the opinion of the Court.

Plaintiff in error brought suit against defendant in error in an action on the case for negligence. To the declaration filed defendant in error demurred by general and special demurrer. Demurrer was sustained,

and a judgment for costs rendered against plaintiff in error. The only question presented is as to the sufficiency of the declaration.

Counsel for plaintiff in error has not filed any brief, but has presented in lieu thereof a mere statement of his opinion upon the question. For this failure we would be warranted in affirming the judgment without examination of the merits. Wolverton v. Taylor, 54 Ill. App. 380.

If we examine the pleadings, however, we are led to the same conclusion, viz.: that the judgment should be affirmed. The declaration, consisting of but one count, sets up as alleged negligence the failure of defendant to inclose its right of way, and its failure to keep a flagman upon a street crossing of its tracks to prevent children from going upon, along and across such tracks. It alleges that the injury to plaintiff in error occurred while he, a child of six years, was attempting to cross the platform of a passenger coach of defendant in error. The car is alleged to have been standing when the child climbed upon the platform, and was afterward moved, and the child was thereby thrown from the platform. There is no allegation that the servants of defendant knew of the presence of the child upon the car when it was moved; nor is there any allegation of willful or intentional misconduct.

The declaration does not set forth the precise location of the car at the time of the injury, but it is fairly inferable from all the allegations, that it was at the crossing of Polk street and the defendant's right of way in the city of Chicago. The charge of negligence in failing to keep a flagman to warn children, is in relation to such location, and the result of the failure was, as alleged, that the child climbed upon a standing car.

But it is not a duty of a railway company to see to it

that children do not climb upon its trains at street crossings. Chicago & W. I. R. R. v. Roath, 35 Ill. App. 349; East St. L., C. R. R. Co. v. Jenks, 54 Ill. App. 91; Meehan v. Chicago & N. W. R'y Co., 67 Ill. App. 39; LeBean v. Pittsburg, C. C. & St. L. R. R. Co., 69 Ill. App. 557; Chicago & A. R. R. v. McLaughlin, 47 Ill. 265; Chicago, B & Q. R. R. Co. v. Stumps, 69 Ill. 409.

There being no duty incumbent upon the defendant in this behalf, no negligence can be charged against it, and this irrespective of the age of the plaintiff or his freedom from chargeable negligence. Chicago & W. I. R. R. Co. v. Roath, *supra.*

The charge of negligence on the part of defendant in error in failing to inclose its right of way, must relate to some other portion of its track than at the crossing of Polk street, but the injury is not alleged to have occurred elsewhere than at the Polk street crossing. This allegation of negligence is therefore insufficient, as if such negligence existed, it is not alleged to have been a proximate cause or in any manner connected with the injury.

And if each of the allegations of negligence contained in this one count were sufficient, the count would still be bad upon special demurrer, for duplicity. Chicago, B. & Q. R. R. v. Magee, 60 Ill. 529.

The special demurrer pointed out specifically wherein the count was double.

The judgment is affirmed.