## Frank H. Hebard v. Abram E. Mabie, Adm'r, etc.

1. Drivers—*Of Vehicles in Public Streets—Duties.*—It is not the duty of a driver of a vehicle moving along a public street or highway, to keep a lookout behind so as to see whether children or adults are riding on the rear end of his vehicle; on the contrary, the duty of such driver is to look ahead, so as to avoid collisions with other vehicles or with persons.

2. INSTRUCTIONS—*Requiring a Driver to Look Backward, etc.*—In an action against the driver of an omnibus for personal injuries, an instruction which assumes that the exercise of ordinary care requires such driver to look backward toward the rear steps of the bus, etc., is erroneous.

3. CHILDREN—*Duties of Drivers of Vehicles Toward.*—The driver of a vehicle in the public streets does not owe to children the duty of preventing them from climbing upon his vehicle, which by its rumble or movement may excite a childish desire to mount and ride.

4. NEGLIGENCE—*Not to be Imputed to a Child.*—Personal negligence is not to be imputed to a child five and one-half years of age.

**Trespass on the Case,** for death by negligent acts. Appeal from the Circuit Court of Cook County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the March term, 1901. Reversed and remanded. Opinion filed December 12, 1901.

F. J. CANTY and J. B. BRADY, attorneys for appellant; J. C. M. CLOW, of counsel.

WATERS, JOHNSON & PEGLER, attorneys for appellee; VINCENT G. GALLAGHER, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

The declaration avers, in substance, that June 13, 1896, the defendant (appellee here) was in possession of two busses, which were coupled together and were being drawn along Winchester avenue, in the city of Chicago, by a team of horses driven by defendant's driver; that plaintiff's intestate, a child about five and one-half years of age, was riding on the step at the rear end of the front bus, and that the driver carelessly ordered said intestate to get off the bus and carelessly struck back at him with a whip, by reason of which careless conduct of the driver, said intestate became alarmed, jumped off, was knocked down and run over by the second or rear bus, and so injured, that, to wit, June 15, 1896, he, by reason of said injuries, died.

We have carefully considered the evidence and find it very conflicting, so much so that had a verdict been rendered for appellant, we would not feel warranted in setting it aside. In this state of the evidence the instructions should be accurate. Chicago C. Ry. Co. v. Canevin, 72 Ill. App. 81, and cases cited.

Hebard v. Mabie.

The court instructed the jury as follows:

" The court instructs the jury that if you believe and find from a preponderance of the evidence, that the steps on the rear end of the first bus were an attractive place for children of tender years, and that the driver knew that fact, or in the exercise of ordinary care might have known it, and that the plaintiff's intestate was a child of tender years and was attracted to said steps and was riding thereon, and that the driver knew that fact, or by the exercise of ordinary care might have known it, and also knew that it was dangerous for plaintiff's intestate to get off from said bus while the busses were in motion, and nevertheless ordered plaintiff's intestate to get off from said bus while the busses were in motion, and that pursuant to said order, plaintiff's intestate did get off from said bus, and in doing so, exercised that care and caution which might reasonably be expected from a child of his intelligence and discretion to avoid injury, and if you further believe and find from a preponderance of the evidence, that such conduct upon the part of the driver was wanton or willful negligence which caused the injuries to plaintiff's intestate, and that by reason of said injuries, plaintiff's intestate died, then you should find the defendant guilty."

Whether the steps on the rear end of the first bus were, or not, an attractive place for children, is not a material question in the case. It is not the duty of a driver of a bus or other vehicle, moving along a public street or highway to keep a look-out behind so as to know whether children or adults are riding on the rear end of the bus or other vehicle. On the contrary, the duty of such driver is to look ahead, so as to avoid collisions with other vehicles, or with persons. Suppose the driver in the present case had been looking back, watching the steps on the rear end of the bus (assuming that he could see the steps, which on the evidence is at least doubtful), and suppose that while he was so looking back the busses or the front bus had, by reason of his failure to look ahead, collided with a person, while the latter was in the exercise of ordinary care for his safety, can there be any doubt that the defendant would be liable for the driver's negligence in failing to look ahead? We think not. It was so expressly held in Held-

maier v. Taman, 88 Ill. App. 209. If exercise of ordinary care by a driver requires him to look ahead while driving, and also requires him to look behind him, an owner, in order to escape liability, must employ an Argus as driver, if such can be found. The instruction assumes that the exercise of ordinary care required the driver to look backward toward the rear steps of the bus. Such is not the law. In C. W. & I. R. R. Co. v. Roath, 35 Ill. App. 349, the plaintiff attempted to get upon the rear end of a moving railroad train, at a street crossing, and was injured. The court, Moran, J., delivering the opinion, says:

"If steam roads owe the duty of preventing children from climbing on their moving trains at crossings, then the operator of the street car, or the driver of a farmer's cart, or any other vehicle which runs upon the street, and by its movement or its rumble excites a childish desire to mount and ride, must in logic and in reason owe a similar duty, and be alike liable for its non-performance. Such a doctrine is not founded in justice or reason, and is without the support of legal sanction."

In Chicago W. Div. Ry. Co. v. Hair, 57 Ill. App. 587, the plaintiff, a boy between five and six years old, either in attempting to get on the rear platform of a street car, or having got on it, fell off and was injured. The car was on its way to a repair shop, was not being run for the purpose of conveying passengers, and the plaintiff was not a passenger nor did he intend to become one. In these respects the case was similar to the present one. The court say:

"Unquestionably passenger cars as well as teams of all kinds, do afford an enticement to children to jump on, 'hitch on,' make use of the vehicle in play, but we are aware of no rule making it the duty of those in charge of cars or carriages to be all the while so stationed that boys can not jump or hitch thereon in mere sport. As to this, see Chicago & W. I. Ry. Co. v. Roath, 35 Ill. App. 349. It is a favorite amusement of boys to jump on a car, ride a short distance and jump off. Also to jump on and 'ring up fares on the conductor.' Car companies are bound at all times not only to exercise ordinary care, but ofttimes great care, that no one in the street is run over or injured, but this care is due not so much to trespassers as to those

making use of the street or car in an orderly and proper manner."

The conclusion which the instruction leaves the jury at liberty to deduce from the hypothetical facts stated in it, is that the driver was guilty of wanton or willful negligence. There is a distinction between negligence and wanton or willful wrong-doing, and wanton or willful conduct is not averred in the declaration. E. St. L., etc., Ry. v. Jenks, 54 Ill. App. 91; L. N. A., etc., Ry. Co. v. Wurl, 62 Ib. 384.

In C. & A. R. R. Co. v. Robinson, 106 Ill. 142, the court say :

"Neither the declaration nor the ascertained facts show any willful intent on the part of the defendant's servants to inflict an injury upon the plaintiff. That element is absolutely wanting, in any view that can be taken of the case. Indeed, defendant is not charged with any such intent, and no such issue could be rightfully submitted to the jury."

Appellant's counsel urge that the modification of appellant's twenty-eighth instruction was erroneous. The following is the instruction as given :

28. "If the jury believe from the evidence that the plaintiff's intestate was negligent, and that his negligence, if any, was the sole cause of the death of the plaintiff's intestate herein complained of, *and that the driver of the horses drawing the bus did not act willful or wanton,* then you should find the defendant not guilty."

The instruction asked was exclusive of the italicized words, which words the court added. The instruction as asked was erroneous. Personal negligence is not to be imputed to a child five and one-half years of age. C. & A. R. R. Co. v. Becker, 84 Ill. 483, 486; Chicago C. Ry. Co. v. Twohy, 95 Ill. App. 318.

And, for the reason stated, and the additional reason that it submitted the question of willful conduct of the driver to the jury, the instruction is erroneous. Appellant, however, is precluded from objection to the modification of an erroneous instruction requested on his behalf.

We find no reversible error in the record, urged in the

argument of appellant's counsel, except the giving of the instruction first above quoted. For the error in giving that instruction, the judgment will be reversed and the cause remanded.